**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANIEL ARNOLD,

        Plaintiff,

v.                                                          Case No. 8:18-cv-2739-T-JRK

ANDREW M. SAUL,[1]
Commissioner of Social Security,

        Defendant.

_____

# OPINION AND ORDER[2]

## I. Status

Daniel Arnold ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "Anxiety disorder," "depression," "panic attacks," "phobias," "social anxiety (phobia)," and "asthma." Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed February 4, 2019, at 70, 85, 213. Plaintiff filed an application for DIB on May 1, 2015,[3] alleging a disability onset date of March 1, 2015. Tr. at 168-69. The application was

---

[1]    Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed February 4, 2019; Reference Order (Doc. No. 16), entered February 5, 2019.

[3]    Although actually completed on May 1, 2015, see Tr. at 168, the protective filing date of the DIB application is listed elsewhere in the administrative transcript as April 29, 2015, see, e.g., Tr. at 70, 85.

denied initially, Tr. at 70-82, 83-84, 100-02, and upon reconsideration, Tr. at 85-97, 98-99, 108-12.

On May 3, 2017, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 36-54. At the time of the hearing, Plaintiff was twenty-six (26) years old. Tr. at 39. The ALJ issued a Decision on January 10, 2018, finding Plaintiff not disabled through the date of the Decision. Tr. at 17-30.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 165-66 (letter and request for review), 318-20 (memorandum in support); see Tr. at 4-5 (Appeals Council exhibit list and order). On September 7, 2018, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 7, 2018, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends the ALJ erred by assigning great weight to the opinion of Charles Lebowitz, M.D., regarding Plaintiff's asthma, but failing to address the other aspects of Dr. Lebowitz's opinion. Memorandum in Opposition to the Commissioner's Decision (Doc. No. 25; "Pl.'s Mem."), filed July 10, 2019, at 6-7. On September 6, 2019, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem.") addressing Plaintiff's contention. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further administrative proceedings.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 19-30. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 1, 2015, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: generalized anxiety disorder, unspecified personality disorder, bipolar disorder, and major depressive disorder." Tr. at 20 (emphasis and citation omitted). The ALJ found Plaintiff's asthma to be non-severe. Tr. at 20. At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is limited to performing simple, routine, and repetitive tasks, and is unable to perform fast pace work with high production demands. [Plaintiff] is able to understand, remember, and carry out simple instructions, but is limited to work that has only occasional changes in work settings, and occasional interactions with the public, coworkers, and supervisors.

Tr. at 22 (emphasis omitted). At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 29 (some emphasis and citation omitted).[5] At step five, after considering Plaintiff's age ("24 years old . . . on the alleged disability onset date"), education ("at least a high school education"), lack of relevant work experience, and RFC, the ALJ relied on the testimony of a vocational expert ("VE") and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 29 (emphasis and citation omitted), such as "Box Maker/Cardboard folder," "Cleaner II," and "Scrap Sorter," Tr. at 30. The ALJ concluded that Plaintiff was not "under a disability . . . from March 1, 2015, through the date of th[e D]ecision." Tr. at 30 (emphasis and citation omitted).

---

[5] Until at least the time of the hearing, Plaintiff worked for Publix as a stock clerk. Tr. at 39-40. Although Plaintiff has worked for Publix for about five years, he works one day per week, four- to eight-hours per day, and often leaves early. Tr. at 40, 43-44; see Tr. at 184-208 (paystubs). As the ALJ found, this work does not qualify as substantial gainful activity or as past relevant work. Tr. at 19, 29.

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

As noted above, Plaintiff challenges the ALJ's handling of the opinion of Dr. Lebowitz, a consultative examiner. See Pl.'s Mem. at 6-7. According to Plaintiff, the ALJ assigned "great weight" to Dr. Lebowitz's opinion about Plaintiff's asthma, but the ALJ failed to address the other aspects ot Dr. Lebowitz's opinion regarding Plaintiff's functioning. Id. And, says Plaintiff, the jobs identified by the VE require Plaintiff to do

certain things that Dr. Lebowitz did not allow. Id. at 8. Responding, Defendant argues that Plaintiff's real alleged disability is based on mental, not physical, limitations, and the ALJ properly accounted for any mental limitations in the RFC. Def.'s Mem. at 8-10. Defendant also contends that the ALJ was not required to address every aspect of the opinion. Id. at 7-8. Finally, Defendant alleges that Dr. Lebowitz's stated limitations are inconsistent with his examination findings so the limitations could be properly discounted. Id. at 9-10.

## A. Applicable Law[6]

The Regulations establish a hierarchy among medical opinions[7] that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. §§ 404.1527, 416.927. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per

---

[6] On January 18, 2017, the SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (January 18, 2017). Because Plaintiff filed his claim before that date, the undersigned cites the rules and Regulations that were in effect on the date the claim was filed, unless otherwise noted.

[7] "Medical opinions are statements from physicians or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"); 20 C.F.R. § 404.1513(a).

curiam)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5); see also 20 C.F.R. §§ 404.1527(f), 416.927(f); see also McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at

step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

An ALJ poses a hypothetical question to a VE as part of the step-five determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citation omitted). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished) (citation omitted). "[F]or a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citation omitted).

## B. Discussion

Dr. Lebowitz performed a one-time examination of Plaintiff on April 11, 2017. Tr. at 386. Following the examination, he authored a report, Tr. at 386-89, and filled out a "Range of Motion Report Form," Tr. at 390-92, and a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)" form, Tr. at 393-98. Relevant here, Dr. Lebowitz opined that Plaintiff's asthma is "mild and intermittent," Tr. at 388, and that Plaintiff has "chronic mental issues," Tr. at 398. Dr. Lebowitz assigned functional limitations of

frequent (1/3 to 2/3) lifting, carrying, reaching, handling, fingering, feeling, pushing, and pulling, as well as frequent operations of foot controls, frequent postural limitations, and frequent environmental limitations. Tr. at 393-97. Dr. Lebowitz also opined Plaintiff could only tolerate moderate (office) noise. Tr. at 397.

The ALJ discussed in detail Dr. Lebowitz's examination summary. Tr. at 24. But, the ALJ did not discuss any of the assigned limitations in the medical source form. See generally Tr. at 24-28. When the ALJ assigned the various weights to the opinions of record, the ALJ found as to Dr. Lebowitz:

> The undersigned gives great weight to the opinion of consultative examiner Dr. Charles Lebowitz that [Plaintiff's] asthma was mild and intermittent. His opinion was based, not just upon subjective complaints made by [Plaintiff], but also upon objective examination findings and his review of past medical records.

Tr. at 27. It appears based upon this finding that the ALJ was not even aware of the functional limitations assigned by Dr. Lebowitz in the medical source form.[8] If that is the case, remand is required so that the ALJ may review them in the first instance, especially given that accepting the stated limitations would carry a reasonable possibility that the unrestrictive RFC ("full range of work at all exertional levels" with some nonexertional limitations, Tr. at 21) and permissible work would change. Alternatively, the ALJ was aware of the functional limitations and did not address them for whatever reason, perhaps because he found the physical impairment to be non-severe. But that approach would be inconsistent with the ALJ's duty to "consider limitations and restrictions imposed by all of

---

[8] The undersigned believes this to be the case, because with another consultative expert, Steven E. O'Neal, Ph.D., P.A., the ALJ specifically discussed the functional limitations set forth in that expert's accompanying medical source statement form. See Tr. at 26.

an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle, 914 F.2d at 226 (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves, 734 F.2d at 525). Under either scenario, remand is required for the ALJ to address Dr. Lebowitz's stated limitations, because not doing so frustrates judicial review. See, e.g., Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 871 (11th Cir. 2012) (remanding and finding that the court "cannot determine whether the ALJ's ultimate decision on the merits was rational and supported by substantial evidence" because the ALJ, "[w]ithout a clear explanation," excluded from the VE hypothetical and RFC a limitation opined by a physician whose opinions the ALJ gave great weight). As to Defendant's contention that the examination findings are inconsistent with Dr. Lebowitz's assigned limitations, the ALJ did not make that finding so this Court need not consider that argument. See Schink, 935 F.3d at 1264 (stating that "[e]ven if the discounting of [treating physicians'] opinions could have been justified on [a] basis [asserted by the Government] with a proper explanation—a matter we do not consider—the ALJ provided no explanation for this statement, leaving it an unadorned echo of the legal standard from the regulations") (citation omitted).

## V. Conclusion

Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reevaluate the opinion of Dr. Lebowitz, particularly as it pertains to functional limitations; specify the weight assigned to the opinion and the reasons why; and absent reasons supported by substantial evidence for discounting the opinion, include the stated limitations in the residual functional capacity and hypothetical to the vocational expert; and

(B) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida on March 25, 2020.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record